**Leonardo BELLO–RAMIREZ,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–74987.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Smirna Ayala, Law Offices Of Ronzio &
Associates, Los Angeles, CA, for Petition-
er.

OIL, Channah Farber, Michael Christo-
pher Heyse, Trial, DOJ–U.S. Department
of Justice, Washington, DC, Chief Counsel
Ice, Office of the Chief Counsel, Depart-
ment of Homeland Security, San Francis-
co, CA, for Respondent.

Before: SILVERMAN, CALLAHAN,
and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Leonardo Bello–Ramirez, a native and
citizen of Mexico, petitions for review of
the Board of Immigration Appeals'
("BIA") order summarily affirming an im-
migration judge's decision finding him re-
movable for participating in alien smug-
gling. Our jurisdiction is governed by 8
U.S.C. § 1252. We review de novo claims
of due process violations, *Vasquez–Zavala
v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.
2003), and review for substantial evidence
the agency's findings of fact, *Urzua Covar-
rubias v. Gonzales,* 487 F.3d 742, 744 (9th
Cir.2007). We deny in part and dismiss in
part the petition for review.

The agency did not violate due process
by according Bello–Ramirez's Form I–213
full weight because the form was probative
and its admission was not fundamentally
unfair, and the preparing officer testified
at the hearing regarding the procedures
for creating such forms. *See Espinoza v.
INS,* 45 F.3d 308, 310 (9th Cir.1995) (not-
ing that "[t]he sole test for admission of

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair").

Contrary to Bello–Ramirez's contention, his Form I–213 provides substantial evidence to support the agency's conclusion that he is removable for knowingly engaging in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). *See Urzua Covarrubias,* 487 F.3d at 748–49.

We lack jurisdiction to review Bello–Ramirez's contentions concerning 8 C.F.R. § 287.3(c) and his detention because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Bello–Ramirez's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.